*LNE 8.18.25*
*KEG:* USAO# 2025R00238

USDC- BALTIMORE
'25 AUG 20 PM 4:17

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | *   CRIMINAL NO. MJM 25cr258 |
| | * |
| DAVON TAYLOR, | *   (Possession of Firearm and |
| | *   Ammunition by a Prohibited Person, |
| Defendant. | *   18 U.S.C. § 922(g)(1); Possession with |
| | *   Intent to Distribute Controlled |
| | *   Substances, 21 U.S.C. § 841(a)(1); |
| | *   Possession of a Firearm in Furtherance |
| | *   of a Drug Trafficking Crime, 18 U.S.C. |
| | *   § 924 (c); Forfeiture, 18 U.S.C. § |
| | *   924(d), 21 U.S.C. § 853, and 28 U.S.C. |
| | *   § 2461(c)) |
| | * |

****

## INDICTMENT

## COUNT ONE
### (Possession of a Firearm and Ammunition by a Prohibited Person)

The Grand Jury for the District of Maryland charges that:

On or about April 9, 2025, in the District of Maryland, the Defendant,

### DAVON TAYLOR,

knowing he had previously been convicted of a crime punishable by imprisonment for a term

exceeding one year, knowingly possessed a firearm and ammunition, to wit, a Taurus G2C 9mm

handgun bearing serial number TLW79816 and twelve (12) rounds of 9mm ammunition, and the

firearm and ammunition were in and affecting commerce.

18 U.S.C. § 922(g)(1)

1

## COUNT TWO
**(Possession with Intent to Distribute Controlled Substances)**

The Grand Jury for the District of Maryland further charges that:

On or about April 9, 2025, in the District of Maryland, the Defendant,

## DAVON TAYLOR,

did knowingly and intentionally possess with the intent to distribute a quantity of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance and a quantity of a mixture or substance containing a detectable amount of fentanyl, a Schedule I controlled substance.

21 U.S.C. § 841(a)(1)
18 U.S.C. § 2

## COUNT THREE
### (Possession of a Firearm in Furtherance of Drug Trafficking)

The Grand Jury for the District of Maryland further charges that:

On or about April 9, 2025, in the District of Maryland, the Defendant,

## DAVON TAYLOR,

did knowingly possess a firearm, that is, a Taurus G2C 9mm handgun bearing serial number TLW79816, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841, as alleged in Count Two of this Indictment, which is incorporated herein by reference.

18 U.S.C. § 924(c)
18 U.S.C. § 2

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1.      Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the Defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 924(d), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c), in the event of the Defendant's conviction under Counts One through Three of this Indictment.

### Narcotics Forfeiture

2.      Upon conviction of the offense alleged in Count Two, the Defendant,

### DAVON TAYLOR,

shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a):

      a.  any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense; and

      b.  any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.

### Firearm and Ammunition Forfeiture

3.      Upon conviction of the offense(s) alleged in Counts One or Three of this Indictment, the Defendant,

### DAVON TAYLOR,

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in such offense(s).

## Property Subject to Forfeiture

4.    The property to be forfeited includes, but is not limited to:

a.    a Taurus G2C 9mm handgun bearing serial number TLW79816; a firearm magazine loaded therein; and

b.    approximately twelve rounds of 9mm ammunition loaded therein.

## Substitute Assets

5.    If, as a result of any act or omission of the Defendant, any of the property described above as being subject to forfeiture:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third person;

c.    has been placed beyond the jurisdiction of the Court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 924(d)
21 U.S.C. § 853
28 U.S.C. § 2461(c)

Kelly O. Hayes
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**
Foreperson

8/20/25
Date

5